## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DANNY MCCABE,

      Plaintiff,

v.                                    Case No. 8:24-cv-817-WFJ-TGW

PINELLAS COUNTY SHERIFF'S
DEPARTMENT, *et al.*,

      Defendants.

_____/

## **ORDER**

THIS CAUSE comes before the Court on *pro se* Plaintiff Danny McCabe's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, because Mr. McCabe has failed to state a viable § 1983 claim, he will be required to file an amended complaint if he wishes to proceed with this action.

Mr. McCabe is an inmate at the Pinellas County Jail. (Doc. 1 at 2). Since January 2024, he has worked in the jail's "South Division Kitchen." (*Id.* at 6). During this time, Mr. McCabe has allegedly "observed vermin running throughout the food preparation area" of the kitchen, as well as "the dry storage areas for food, the coolers for [] food, the staff dining area, the inmate break room, and the housing area for inmates." (*Id.*) According to Mr. McCabe, the vermin "have been in constant contact with the cooking kettles, trays, and utensils." (*Id.*) Mr. McCabe alleges that he and "many other inmates" have "reported this daily" to unidentified "deputies" and "Aramark (contracted food services) employees."

(*Id.*) The deputies allegedly responded with "laughter" and suggested that Mr. McCabe "bond out if [he] did not want rat feces in [his] food." (*Id.*) Mr. McCabe claims that, as a result of eating contaminated food, he has experienced "excruciating stomach pains, mental anguish, nausea, vomiting, and diarrhea." (*Id.*)

Mr. McCabe sues two defendants: the Pinellas County Sheriff's Department and Sheriff Bob Gualtieri. (*Id.* at 2). He alleges that they violated his rights under "Florida Administrative Code Chapter 64E-11" and the "Florida Model Jail Standards." (*Id.* at 3). As relief, Mr. McCabe seeks $150,000 in damages. (*Id.* at 5).

As currently pled, Mr. McCabe's complaint is deficient. As an initial matter, Mr. McCabe cannot bring a § 1983 claim based solely on alleged violations of Florida law. "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a *federal* right." *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) (emphasis added). This means that, "[w]hile the violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under [§] 1983." *Id.* Thus, Mr. McCabe cannot base a § 1983 claim on alleged violations of the Florida Administrative Code or Florida's Model Jail Standards. *See Woodard v. Gaylord*, No. 3:20-cv-775-BJD-MCR, 2020 WL 5747110, at *2 (M.D. Fla. Sept. 25, 2020) (alleged "violat[ion] [of] a provision of the Florida Administrative Code" "is not actionable under § 1983"); *Melendez v. Head*, No. 8:10-cv-537-SDM-TGW, 2010 WL 1645059, at *1 (M.D. Fla. Apr. 21, 2010) ("[Plaintiff's] claim that the defendants violated the 'Florida Model Jail Standards' fails to state a claim upon which relief may be granted.").

Mr. McCabe's complaint could be liberally construed to raise a conditions-of-confinement claim under the Fourteenth Amendment. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) ("A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed."). But even if he had intended to assert such a claim, the complaint as currently pled is still deficient.

First, Mr. McCabe cannot pursue a § 1983 claim against the Pinellas County Sheriff's Department. "Sheriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."). Accordingly, Mr. McCabe fails to state a claim against the Pinellas County Sheriff's Department. *See, e.g.*, *Heid v. Rutkoski*, No. 6:20-cv-727-GKS-DCI, 2022 WL 1819096, at *2 (M.D. Fla. Mar. 29, 2022) ("Because the Orange County Sheriff's Department is not a legal entity capable of being sued under § 1983, as a matter of law, it is not a proper party to this action.").

Second, Mr. McCabe sues Sheriff Gualtieri in both his official and individual capacities, but the complaint fails to allege facts sufficient to support liability under either theory. An official-capacity claim is a claim against the entity of which the named defendant is an agent—in this case, Pinellas County. *See Owens v. Fulton Cty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official

government policy or custom." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005). "A policy is a decision that is officially adopted by the [government entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* Mr. McCabe fails to allege facts suggesting that the vermin infestation at his facility resulted from a policy or custom of Pinellas County. Accordingly, he fails to state an official-capacity claim against Sheriff Gualtieri.

Mr. McCabe also fails to state an individual-capacity claim against Sheriff Gualtieri. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* Mr. McCabe does not allege that Sheriff Gualtieri personally participated in any alleged unconstitutional conduct. Nor does he plead facts suggesting a causal connection between Sheriff Gualtieri's actions and the challenged conditions at the Pinellas County Jail. Thus, Mr. McCabe fails to state an individual-capacity claim against Sheriff Gualtieri.

For all of these reasons, the complaint is dismissed without prejudice. In light of his *pro se* status, the Court will give Mr. McCabe an opportunity to amend his complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a

more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

If Mr. McCabe chooses to amend, he should keep in mind the following legal standards, which govern claims challenging an inmate's conditions of confinement. A conditions-of-confinement claim "requires a two-prong showing": (1) "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities'" and (2) "a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). With respect to the objective inquiry, a plaintiff "must at the very least show that a condition of his confinement 'pose[d] an unreasonable risk of serious damage to his future health' or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). With respect to the subjective inquiry, a plaintiff must establish "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010). "[S]imple negligence won't do; instead, the plaintiff must show 'subjective recklessness as used in the criminal law.'" *Swain v. Junior*, 961 F.3d 1276, 1285-86 (11th Cir. 2020) (quoting *Farmer*, 511 U.S. at 839-40).

Accordingly, it is **ORDERED** that:

1.      Mr. McCabe's complaint, (Doc. 1), is **DISMISSED without prejudice**.

    a. If Mr. McCabe wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. McCabe should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. McCabe's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. McCabe fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3.     Mr. McCabe must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4.     The Clerk is **DIRECTED** to mail to Mr. McCabe a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on April 5, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE